NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-835

BERTHA KANEUNYENYE[1] & another[2]

vs.

CLINTON MILLWORKS TENANT, LLC, & others.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs appeal from a summary judgment entered by the Superior Court in favor of defendant Minol, Inc. (Minol). We affirm.

Background. We briefly summarize the relevant facts from the summary judgment record in the light most favorable to the nonmoving party, here the plaintiffs. See Milliken & Co. v. Duro Textiles, LLC, 451 Mass. 547, 550 n.6 (2008). Clinton Millworks Tenant, LLC, is the landlord of 132 units at "The Lofts," which is a residential property (the property) located in Clinton. In 2012, Clinton Millworks, LLC,[4] contracted with

_____

[1] Individually and on behalf of all others similarly situated.
[2] Rufaro Nyarota, individually and on behalf of all others similarly situated.
[3] Clinton Millworks Manager, LLC; and Minol, Inc.
[4] It appears that Clinton Millworks, LLC, is a separate entity from defendants Clinton Millworks Manager, LLC, and Clinton

Minol to provide gas and water and sewer submetering services for the property.  Pursuant to that 2012 agreement, Minol was responsible for the installation, billing, calculation, and collection of payments for gas and water and sewer utilities on behalf of Clinton Millworks, LLC.

On December 1, 2017, the plaintiffs entered into a rental agreement with Clinton Millworks Tenant, LLC, to rent apartment unit C415 at the property.  While living at the property, the plaintiffs paid Minol for submetered gas and for submetered water and sewer utilities.  Prior to invoicing the plaintiffs for such charges, Minol had received a notice from the Massachusetts Department of Public Health (DPH) stating, inter alia, that "Massachusetts law and regulation prohibits sub-metering of gas," and that some of its practices (related to submetering and surcharges Minol included on its bills to different tenants) violated Massachusetts law and regulation.

On May 16, 2019, the plaintiffs filed a putative class action complaint, and on July 15, 2019, filed a first amended class action complaint containing various causes of action

---

Millworks Tenant, LLC.  For purposes of our analysis, any distinction among any Clinton Millworks entities is immaterial because the present appeal centers solely on the conduct of Minol, and all claims against the named Clinton Millworks entities have been dismissed.

2

against Minol and the Clinton Millworks defendants.[5]  On December 4, 2019, a Superior Court judge (first judge) allowed Minol's partial motion to dismiss pertaining to the plaintiffs' common law claims of unjust enrichment and negligent misrepresentation against Minol.  The remaining counts against Minol were two counts for violations of G. L. c. 93A, § 2, and one count for declaratory judgment.  See note 5, supra.

In December 2020, a Superior Court judge (second judge) denied Minol's first motion for summary judgment.[6]  On or about March 19, 2021, the first judge denied the plaintiffs' motion for class certification as to the plaintiffs' submetering claims against Minol.  In her decision denying class certification, the first judge determined that the measure of damages for both the gas and the water and sewer submetering violations "is the

_____

[5] The first amended complaint contained seven counts against Minol:  unjust enrichment (counts I and IV); negligent misrepresentation (counts II and V); violation of G. L. c. 93A, § 2, for violations of 105 Code Mass. Regs. § 410.354(C) (2005) for the submetering of gas (count III); violation of c. 93A for violations of G. L. c. 186, § 22, for the submetering of water and sewer service (count VI); and declaratory judgment (count IX).

[6] In her written memorandum of decision, the second judge noted that the plaintiffs alleged in their first amended complaint that they had "suffered financial harm as a result of [Minol's] conduct"; that they had retained an expert witness who planned to visit the property to determine "the amount by which the total of rent and additional rent paid by the [p]laintiffs exceeded the fair rental value of the premises"; and that she was inclined to grant the plaintiffs' request for further discovery under Mass. R. Civ. P. 56 (f), 365 Mass. 824 (1974), at that stage of the case.

3

amount the plaintiffs paid for rent and additional charges that exceeded the fair rental value of their unit."[7,8]  The first judge further noted that "[t]he plaintiffs have accepted this measure of damages as an alternative theory of injury here."

On September 28, 2021, Minol filed its second motion for summary judgment.  In a comprehensive memorandum, a different Superior Court judge (third judge) allowed the motion.  This appeal ensued.

Discussion.  1.  Standard of review.  Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  We review a decision to grant summary judgment de novo.  See Berry v. Commerce Ins. Co., 488 Mass. 633, 636 (2021).

2.  Analysis.  The plaintiffs argue that Minol's knowing and unlawful submetering of both gas and water and sewer utilities constituted a violation of G. L. c. 93A;[9] that Minol's

_____

[7] The first judge had previously referenced this measure of damages in her 2019 decision allowing Minol's partial motion to dismiss, as did the second judge in her denial of Minol's first motion for summary judgment.

[8] Where we conclude, for the reasons discussed infra, that the plaintiffs failed to demonstrate that they suffered a cognizable harm for purposes of c. 93A -- economic or otherwise -- we need not decide whether this measure of damages is correct.

[9] The plaintiffs also claimed that Minol's conduct violated G. L. c. 186, § 22 (c), (e), and (j).  See note 5, supra.  That statute applies to a "landlord" or "owner" of property and thus does not apply to Minol.  Indeed, the second judge recognized as

4

imposition of added "base charges" to the plaintiffs' utility bills was likewise unlawful; and that these practices caused them financial harm. Minol counters that the plaintiffs failed to present expert testimony or any nonspeculative evidence to demonstrate that the plaintiffs suffered any distinct cognizable injury, and that there is no evidence in the summary judgment record showing that the submetering or the imposition of base charges made them "worse off" than they would have been had Minol not submetered their utilities and imposed base charges. On the record before us, Minol has the better argument.

Viewed in the light most favorable to the plaintiffs, the evidence shows that Minol violated regulatory prohibitions by submetering and by imposing base charges on the plaintiffs' utility bills. This conduct constituted an invasion of a legally protected interest, which, without more, does not entitle a plaintiff to nominal damages and attorney's fees. See Tyler v. Michaels Stores, Inc., 464 Mass. 492, 503 (2013). "[I]nstead, the violation of the legal right . . . must cause the consumer some kind of separate, identifiable harm arising

---

much in her decision denying Minol's first motion for summary judgment, but held that Minol's conduct could constitute a violation of G. L. c. 93A in the form of "unfair or deceptive acts . . . without an underlying statutory violation." In any event, for the reasons discussed infra, we conclude that the plaintiffs have failed to demonstrate that they suffered a distinct, compensable harm for purposes of c. 93A.

from the violation itself." Id. Here, the evidence does not show anything beyond the violation itself. A plaintiff is not entitled to recover statutory damages and attorney's fees simply because a defendant did not comply with a statute or regulation. See, e.g., Bellermann v. Fitchburg Gas & Elec. Light Co., 475 Mass. 67, 73 (2016); Hershenow v. Enterprise Rent-A-Car Co. of Boston, 445 Mass. 790, 801-802 (2006) (nothing suggests that Legislature ever intended noncompliance with statutes or regulations to automatically constitute an "injury" for purposes of c. 93A). Rather, the plaintiff must also demonstrate that the noncompliance caused a distinct compensable loss, economic or otherwise. See Hershenow, supra at 791 ("proving a causal connection between a deceptive act and a loss to the consumer is an essential predicate for recovery under our consumer protection statute"). See also Tyler, supra; Lord v. Commercial Union Ins. Co., 60 Mass. App. Ct. 309, 321-322 (2004).

We further note that here, the plaintiffs alleged, in part, that they suffered economic harm, but failed to proffer expert testimony, or other evidence, showing that the amount paid by the plaintiffs for their utilities exceeded the amount that they would have paid had Minol not submetered their utilities and added base charges.[10] See Bellermann, 475 Mass. at 75 n.14.

_____

[10] To be clear, we do not hold that a plaintiff in a case brought under G. L. c. 93A, § 9, must always show economic harm. That

6

Indeed, their claims are speculative at best.[11]  Moreover, to the extent that the plaintiffs argue that they suffered noneconomic harm, their evidence shows nothing more that the type of inchoate harm that our courts have rejected.  See Tyler, 464 Mass. at 503; Hershenow, 445 Mass. at 800-801 (plaintiffs did not experience any claimed loss, economic or noneconomic, where plaintiffs were not "worse off" than they would have been absent statutory noncompliance); Lord, 60 Mass. App. Ct. at 321-322.  In sum, on the record before us, the plaintiffs have not demonstrated that Minol's deceptive act caused actual compensable loss, economic or otherwise.  See Hershenow, supra

---

is not the state of the law in Massachusetts.  See, e.g., Greene v. Philip Morris USA, Inc., 491 Mass. 866, 878-879 (2023) (evidence supported determination that defendant's deceptive acts caused noneconomic harm by causing plaintiff to switch to light cigarettes and continue smoking rather than quit).  In the present case, however, the plaintiffs did claim that Minol's conduct caused them economic harm.  To the extent that the plaintiffs also claim that they suffered noneconomic harm, their allegations and evidence align with the overly broad interpretation of Leardi v. Brown, 394 Mass. 151, 160 (1985), that Massachusetts appellate courts have since rejected.  See Tyler, 464 Mass. at 502-503; Hershenow, 445 Mass. at 800-802.

[11] The plaintiffs assert in their brief that Minol charged them an amount greater than what they would have paid "if they had been provided their utility service by the authorized Utility Provider."  The only evidence the plaintiffs cite to in support of that proposition, however, are utility bills from Minol.  That evidence failed to demonstrate that the plaintiffs paid more than they would have if Minol had not submetered their utilities or added additional charges.

7

at 802.[12]  Therefore, we affirm the allowance of summary

judgment.[13,14]

Judgment affirmed.

By the Court (Neyman, Grant &
  Hershfang, JJ.[15]),

*Joseph F. Stanton*

Clerk

Entered:  July 21, 2023.

---

[12] Our decision should not be read as an endorsement of Minol's conduct.  We merely hold that in the absence of evidence of a distinct cognizable injury -- in this limited context and under these particular facts -- the third judge properly granted summary judgment in Minol's favor.

[13] To the extent we do not discuss other arguments made by the parties, they "have not been overlooked.  We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).

[14] We reject Minol's assertion that the plaintiffs' appeal was frivolous and decline its request for attorney's fees, double costs, and interest pursuant to Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019), Mass. R. A. P. 26, as appearing in 421 Mass. 1655 (2019), and G. L. c. 211A, § 15.  We likewise deny the plaintiffs' request for appellate attorney's fees and costs.

[15] The panelists are listed in order of seniority.